# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 21-06666 JVS (JEMx) | Date | November 28, 2022 |
| Title | Larry Grant et al. v. City of Long Beach et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion for Summary Judgment [49]**

Defendants, City of Long Beach (the "City"), Long Beach Police Department ("LBPD"), and Long Beach Police Officer Gabriela Rodriguez-Lopez ("Officer Rodriguez") (collectively, "Defendants"), move for summary judgment on all claims brought by Plaintiffs Larry Grant ("Grant"), on his own behalf and on behalf of his minor child, Pherin Cephus ("P.C.") (collectively, "Plaintiffs"). (Mot., Dkt. No. 49.) Plaintiffs opposed. (Opp'n, Dkt. No. 53.) Defendants replied. (Reply, Dkt. No. 54.)

Defendants also request judicial notice of the Declaration of Michellei Cephus ("Cephus") from October 26, 2020, and November 24, 2020. (Request, Dkt. No. 50.) In their Reply, Defendants request judicial notice of the October 10, 2022, order and Register of Actions from the California Courts of Appeal case. (Request No. 2, Dkt. No. 56.)

The Court vacated the November 21, 2022, hearing. (See Dkt. No. 60.) Plaintiffs filed a request for hearing. (RFH, Dkt. No. 61.) The Court finds oral argument would not be helpful and **DENIES** Plaintiff's request. See Fed. R. Civ. P. 78; L.R. 7-15.

For the following reasons the Court **GRANTS in part and DENIES in part** the motion for summary judgment.

## I. JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not subject to reasonable dispute. Fed. R. Evid.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-06666 JVS (JEMx) | Date | November 28, 2022 |
|---|---|---|---|

| Title | Larry Grant et al. v. City of Long Beach et al. |
|---|---|

201(b).  Judicial notice is appropriate for court proceedings, if those proceedings have a direct relation to the matter at issue.  U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

The Court takes judicial notice of the documents requested by Defendants.  (See Request, Dkt. No. 50; Request No. 2, Dkt. No. 56.)  "Just because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."  Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018).  Thus, the Court's judicial notice only extends to the existence of these documents and to the facts "not subject to reasonable dispute."  See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th. Cir. 2001).

## II. BACKGROUND

The following facts from the Statement of Genuine Disputes of Material Fact ("SGD") are undisputed.  (SGD, Dkt. No. 53-1.)  P.C. is the nine year old daughter of Grant and Cephus.  (Id. ¶ 1.)  Prior to the events of the case, P.C. and Cephus lived together in Georgia.  (Id. ¶ 11.)  In late August 2020, Cephus asked Grant if P.C. could stay with him in California.  (Id. ¶ 14.)  In early September, Grant flew to Atlanta and returned back to California with P.C.  (Id. ¶ 18–19.)  P.C. remained with Grant at the apartment of Alajne Brown ("Brown").  (Id. ¶ 20.)  Brown is Grant's fiancé.  (Id.)  During P.C.'s stay, Grant "spanked P.C. on the buttocks for disrespectful behavior."  (Id. ¶ 22.)  At some time later, Cephus learned of Brown's actions towards P.C.  (Id. ¶ 23.)  On September 19, 2020, Cephus called 911 and requested a welfare check.  (Id. ¶ 27.)  Around 4:00 p.m., LBPD Officers stopped Grant's vehicle to conduct a welfare check.  (Id. ¶ 29.)  After the welfare check, the LBPD officers let Grant and P.C. go.  (Id. ¶ 31.)  Later that evening, Sgt. Robert Owens ("Sgt. Owens"), Officer Douglas Hara ("Officer Hara"), and Officer Rodriguez arrived at Grant and Brown's apartment.  (Id. ¶ 36.)  Sgt. Owens explained they were present because Cephus had arrived in California to retrieve P.C.  (Id. ¶ 44.)  After discussion, the Officers escorted P.C. to Cephus.  (Id. ¶ 51.)  During this encounter, the Officers did not physically touch or threaten to cause any physical harm to Grant or P.C.  (Id. ¶ 52.)

On August 17, 2021, Plaintiffs filed a Complaint against Defendants.  (Compl., Dkt. No. 1.)  On October 25, 2021, Grant was appointed guardian ad litem for P.C. in this case.  (Order, Dkt. No. 20.)  On December 10, 2021, Plaintiffs filed a First Amended

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 21-06666 JVS (JEMx)          Date   November 28, 2022

Title   Larry Grant et al. v. City of Long Beach et al.

Complaint ("FAC").  (FAC, Dkt. No. 33.)  The First Amended Complaint brings the following causes action against Defendants: 42 U.S.C. § 1983 action (I); Assault (II); Trespass (III); False Imprisonment (IV); Invasion of Privacy/Intrusion into Private Affairs (V); Intentional Infliction of Emotional Distress (VI); and Negligence (VII). Plaintiffs seek compensatory damages, general damages, punitive damages, and attorneys' fees totaling $2.7 million.

On October 24, 2022, Defendants moved for summary judgment.  (Mot., Dkt. No. 49.)  Defendants also request judicial notice of certain documents.  (Request, Dkt. No. 50; Request No. 2, Dkt. No. 56.)  Plaintiffs opposed.  (Opp'n, Dkt. No. 53.)  Defendants replied.  (Reply, Dkt. No. 54.)

### III. LEGAL STANDARD

Summary judgment is appropriate where the record, read in the light most favorable to the nonmovant, indicates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).  Summary adjudication, or partial summary judgment "upon all or any part of [a] claim," is appropriate where there is no genuine dispute as to any material fact regarding that portion of the claim.  Fed. R. Civ. P. 56(a); see also Lies v. Farrell Lines, Inc., 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . ." (internal quotation marks omitted)).

Facts that are "material" are those necessary to the proof or defense of a claim, and are determined by referring to substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  To determine if a dispute about a material fact is "genuine," the trial court must not weigh the evidence and instead must draw all reasonable inferences in the nonmoving party's favor.  Tolan v. Cotton, 572 U.S. 650, 655–59 (2014) (per curiam).  The nonmoving party cannot manufacture a "genuine dispute" by relying on allegations in the pleadings.  Anderson, 477 U.S. at 251; Oracle Am., Inc. v. Hewlett Packard Enter. Co., 971 F.3d 1042, 1049 (9th Cir. 2020).

A trial court may not resolve issues of credibility to determine whether a fact is "genuinely disputed."  Id. at 658–59.  To do so is to improperly weigh the evidence.  Id. A court may discount uncorroborated, self-serving testimony where "it states only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 21-06666 JVS (JEMx)                    Date   November 28, 2022

Title   Larry Grant et al. v. City of Long Beach et al.

conclusions and not facts." Nigro v. Sears, Roebuck & Co., 784 F.3d 495, 497–98 (9th Cir. 2015).  However, a court may not discount "self-serving" testimony that includes contrary factual assertions and requires the observation of a witness's demeanor to assess credibility.  See Manley v. Rowley, 847 F.3d 705, 711 (9th Cir. 2017).  Furthermore, an undisputed fact may support several reasonable inferences, but a trial judge must resolve those differing inferences in favor of the nonmoving party.  Hunt v. Cromartie, 526 U.S. 541 (1999).  In deciding a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

The moving party has the initial burden of establishing the absence of a material fact for trial.  Id. at 256.  "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . ., the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2).  Furthermore, "Rule 56[(a)] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.  To defeat summary judgment, the nonmoving party who bears the burden at trial must present more than a "mere scintilla" of "affirmative evidence." Galen v. Cnty. of L.A., 477 F.3d 652, 658 (9th Cir. 2007) (citing Anderson, 477 U.S. at 248).  Therefore, if the nonmovant does not make a sufficient showing to establish the elements of its claims, the Court must grant the motion.

When resolving a motion for summary judgment, courts may only consider admissible evidence.  Fed. R. Civ. P. 56.  On a motion for summary judgment, a party may object that the material used to "dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2).  A court must rule on material evidentiary objections.  Norse v. City of Santa Cruz, 629 F.3d 966, 973 (9th Cir. 2010).

The Court only considered admissible evidence in resolving Defendants' motion for summary judgment.  When the Order cites evidence to which the parties have objected, the objection is impliedly overruled.  Additionally, the Court declines to rule on objections to evidence upon which it did not rely.

**IV. DISCUSSION**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 21-06666 JVS (JEMx)                 Date   November 28, 2022

Title   Larry Grant et al. v. City of Long Beach et al.

---

    *A.*    *Standing to bring a claim on P.C.'s behalf*

    Defendants argue Grant does not having standing to bring a claim on P.C.'s behalf because Grant does not have legal custody or guardianship of P.C.  (Mot. at 7.)

    Plaintiffs generally do not have standing to bring claims based on rights of third parties.  Warth v. Seldin, 422 U.S. 490, 499–50 (1975).  But a party may sue in a representative capacity as provided "by the law of the state where the court is located . . . ."  Fed. R. Civ. Pro. 17(b)(3).  Under California Code of Civil Procedure Section 372, "a minor . . . shall appear either by a guardian or conservator of the estate or by a guardian ad litem appointed by the court in which the action or proceeding is pending, or by a judge thereof, in each case."  Cal. Code Civ. Pro. § 372(a)(1).

    Grant may only bring this action on P.C.'s behalf if he is P.C.'s guardian, conservator, or guardian ad litem.  Defendants acknowledge Grant is acting as P.C.'s guardian ad litem but argues he still does not have standing because he lacks legal custody nor legal guardianship.  (Mot. at 7.)  Grant was appropriately appointed as P.C.'s guardian ad litem in this action.  (Dkt. No. 20.)  Defendants rely on United States v. Bennett for the proposition that parents without legal custody nor legal guardianship do not have standing to bring claims on behalf of a child.  147 F.3d 912, 914 (9th Cir. 1998).  But the court in Bennett relied on Washington law, which permitted a minor to be part of a suit only if represented by his or her guardian.  Id.  California does not limit representation to legal custody or legal guardianship.  California Code of Civil Procedure Section 372 explicitly authorizes actions by a guardian ad litem.

    Accordingly, the Court **DENIES** the motion for summary judgment as to claims brought on P.C.'s behalf.

    *B.*    *Section 1983 claim*

    1.    Lack of personal participation

    A government official — whether subordinate or supervisor — may be held liable under Section 1983 only when his or her own actions have caused a constitutional deprivation.  OSU Student Alliance v. Ray, 699 F.3d 1053, 1069 (9th Cir. 2012), cert.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-06666 JVS (JEMx) | Date | November 28, 2022 |

| Title | Larry Grant et al. v. City of Long Beach et al. |

denied, 134 S. Ct. 70 (2013); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)
("Liability under section 1983 arises only upon a showing of personal participation by the
defendant.") (citation omitted).

An individual government defendant "causes" a constitutional deprivation
essentially when he or she (1) "does an affirmative act, participates in another's
affirmative acts, or omits to perform an act which he [or she] is legally required to do that
causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the
[defendant] knows or reasonably should know would cause others to inflict the
constitutional injury." Johnson v. Duffy, 588 F.2d 740, 743–44 (9th Cir. 1978) (citations
omitted); see also Lacey v. Maricopa Cnty., 693 F.3d 896, 915 (9th Cir. 2012) (en banc)
(same) (citing id.). Allegations regarding causation "must be individualized and focus on
the duties and responsibilities of each individual defendant whose acts or omissions are
alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633
(9th Cir. 1988) (citations omitted).

Defendants argue that "mere presence" at the scene cannot make Officer Rodriguez
liable. (Mot. at 8 (citing Bonivert v. City of Clarkston, 883 F.3d 865, 879 (9th Cir.
2018).) Plaintiffs contend Officer Rodriguez personally participated by "having a
weapon, standing in front of Mr. Grant's door, [and] participating . . . ." (Opp'n at 22.)
In Bonivert, the Ninth Circuit also noted "officers who provide armed backup, stand at
the door with a gun while other officers conduct a search inside an apartment, and
participate in the search operation are integral participants." Bonivert, 883 F.3d at 879.
Officer Rodriguez was undisputedly present at Grant's apartment on September 19, 2020.
(See Declaration of Gabriela Rodriguez-Lopez ("Rodriguez Decl."), Dkt. No. 49-3, ¶ 4;
Officer Rodriguez Body Worn Camera ("BWC"), Dkt. No. 49-2, Ex. 5.) There, Officer
Rodriguez appeared to enter Grant's apartment, talk with Grant and Brown, at times stand
by the door, and otherwise participate in the incident. (Id.) Viewing the evidence most
favorable to Plaintiffs, there a triable issue as to whether Officer Rodriguez personally
participated.

Accordingly, the Court **DENIES** the motion for summary judgment on this basis.

2. Qualified immunity

The doctrine of qualified immunity protects "government officials performing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    CV 21-06666 JVS (JEMx)                    Date    November 28, 2022

Title    Larry Grant et al. v. City of Long Beach et al.

discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity shields an official even if the conduct resulted from "'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Groh v. Ramirez, 540 U.S. 551, 567 (2004) (Kennedy, J., dissenting)). The doctrine protects "all but the plainly incompetent or those who knowingly violate the law. . . . [If] officers of reasonable competence could disagree on th[e] issue [of whether a chosen course of action is constitutional], immunity should be recognized." Malley v. Briggs, 475 U.S. 335, 341 (1986).

The Ninth Circuit applies a two-pronged inquiry to resolve claims of qualified immunity. First, the court must determine whether the officer's conduct violated a constitutional right. Robinson v. York, 566 F.3d 817, 821 (9th Cir. 2009) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)). This concerns the reasonableness of an officer's mistake of fact. Torres v. City of Madera, 648 F.3d 1119, 1127 (9th Cir. 2011). While an officer's actions are not judged "with the 20/20 vision of hindsight," the court must ask "whether a reasonable officer would have or *should* have accurately perceived that fact." Id. at 1124 (citations omitted) (emphasis in original). Second, the court must determine whether the constitutional right at issue was "clearly established in light of the specific context of the case" at the time of the events in question. Mattos v. Agarano, 661 F.3d 433, 440 (9th Cir. 2011) (en banc) (citing Robinson, 566 F.3d at 821), cert. denied, 132 S. Ct. 2681 (2012), cert. denied, 132 S. Ct. 2682 (2012), cert. denied, 132 S. Ct. 2684 (2012). While the Saucier sequence is often appropriate, courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson, 555 U.S. at 236.

A right is clearly established if "a reasonable officer would recognize that his or her conduct violates that right under the circumstances faced, and in light of the law that existed at that time." Kennedy v. City of Ridgefield, 439 F.3d 1055, 1065–66 (9th Cir. 2006); see also Saucier, 533 U.S. at 202. The inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." Saucier, 533 U.S. at 201. "[T]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). A case need not be directly on point, but existing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 21-06666 JVS (JEMx)                Date   November 28, 2022

Title      Larry Grant et al. v. City of Long Beach et al.

binding or persuasive precedent "'must have placed the statutory or constitutional question beyond debate.'"  Mattos, 661 F.3d at 442 (quoting Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2083 (2011)); see Osolinski v. Kane, 92 F.3d 934, 936 (9th Cir. 1996) (permitting use of persuasive authority).  Officials can "be on notice that their conduct violates established law even in novel factual circumstances," because otherwise, they "would rarely, if ever, be held accountable for their unreasonable violations of the Fourth Amendment."  Mattos, 661 F.3d at 442 (internal quotation marks and citations omitted).  Nonetheless, the Court should "apply the 'clearly established' rule in such a way that faithfully guards 'the need to protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority.'"  Id. (quoting Harlow, 457 U.S. at 807).  The plaintiff has the burden of establishing that constitutional right was "clearly established" at the time of the alleged violation.  Kennedy, 439 F.3d at 1065.

Summary judgment on qualified immunity grounds is not precluded by the existence of a triable issue of fact which prevents summary judgment on the merits of the constitutional claim, as long as the Saucier elements are established.  See Saucier v. Katz, 533 U.S. 201, 206 (2001).

### a.    Fourth Amendment

"Parental claims that their children were unlawfully removed from their custody 'should properly be assessed under the Fourteenth Amendment standard for interference with the right to family association.'"  Hardwickv. Cnty. of Orange, 80 F.3d 733, 741 (9th Cir. 2020).  Plaintiffs allege "Grant had a Constitutional Right to due process and to be free from seizure of his child pursuant to the First, Fourth and Fourteenth Amendments . . . ."  FAC ¶ 72.  Based on Hardwick, Grant does not have a cause of action for the seizure of P.C. under the Fourth Amendment.  As such, Officer Rodriguez could not have violated Grant's Fourth Amendment rights based on the seizure of P.C.

Claims by children for unreasonable seizure are analyzed under the Fourth Amendment.  Wallis v. Spencer, 202 F.3d 1126, 1137 n.8 (9th Cir. 2000) ("Because only the children were subjected to a seizure, their claims should properly be assessed under the Fourth Amendment.").  But "the tests under the Fourth and Fourteenth Amendment for when an official may remove a child from parental custody without a warrant are equivalent."  Kirkpatrick v. Cnty. of Washoe, 843 F.3d 784 (9th Cir. 2016) (en banc).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    CV 21-06666 JVS (JEMx)              Date    November 28, 2022

Title    Larry Grant et al. v. City of Long Beach et al.

The Court analyzes P.C.'s seizure <u>infra</u> Part IV.B.2.c.

Accordingly, the Court finds Officer Rodriguez is entitled to qualified immunity as to any alleged violation of Grant's Fourth Amendment rights.

## b.    First Amendment

A claim involving violation of the First Amendment by interfering with familial relationships is analyzed under the same standard as the Fourteenth Amendment.  <u>See</u> <u>Mann</u> v. <u>City</u> of <u>Sacramento</u>, 748 Fed. Appx. 112, 114–15 (9th Cir. 2018).  The Court conducts this analysis <u>infra</u> Part IV.B.2.c.

## c.    Fifth & Fourteenth Amendment

### i.    *Substantive Due Process*

"Parents and children have a well-elaborated constitutional right to live together without governmental interference.  That right is an essential liberty interest protected by the Fourteenth Amendment's guarantee that parents and children will not be separated by the state without due process of law except in an emergency."  <u>Wallis</u> v. <u>Spencer</u>, 202 F.3d 1126, 1136 (9th Cir. 2000) (internal citations omitted).  "Officials may remove a child from the custody of its parent without prior judicial authorization only if the information they possess at the time of the seizure is such as provides reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury."  <u>Id.</u> at 1138.  Reasonable avenues of investigation must be pursued first before seizing a child.  <u>Id.</u>

The Ninth Circuit recognizes a lesser interest when a parent does not have permanent custody.  <u>Brittain</u> v. <u>Hansen</u>, 451 F.3d 982, 989 (9th Cir. 2006).  A plaintiff "must show both a deprivation of [] liberty and conscience shocking behavior by the government."  <u>Id.</u> at 991.  In <u>Brittain</u>, the Ninth Circuit effectively held a "relatively minor infringement on this liberty interest [of a non-custodial parent] in visitation will not give rise to a Section 1983 substantive due process claim."  <u>Id.</u> at 992–93.  The court was mindful that "[a] substantive due process claim is not a means for litigants or federal courts to subvert family courts."  <u>Id.</u> at 996.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 21-06666 JVS (JEMx)                    Date   November 28, 2022

Title   Larry Grant et al. v. City of Long Beach et al.

The record does not reflect Grant had legal custody of P.C. during or prior to the events in September 2020.  (SGD ¶ 9.)  Grant points to a custody petition, but that was filed *after* the events of the case.  And Grant does not otherwise dispute he lacked custody or court-ordered visitation rights during or prior to these events.  There is no genuine dispute as to Cephus' legal custody of P.C. during or prior to the events of the case.  (See, e.g., SGD ¶ 39, Ex. 6.)  The facts are also undisputed Sgt. Owns informed Grant that the Officers, including Officer Rodriguez, were present to return P.C. to Cephus' custody.  (SGD ¶ 44.)  Grant did not provide the Officers with any documentation indicating he had custody or any visitation rights of P.C.  (Id. ¶ 48.)

The facts and holding in Brittain are instructive here: police officers were involved in a custody dispute and transferred a child from a parent with visitation rights to the parent who was the sole legal guardian.  There, the court upheld the finding of qualified immunity based on relatively similar facts to this case.  Specifically, the court found the officers in Brittain were likely acting under two relevant state laws, California Penal Code §§ 279.6(a)(3) and 278.5.  451 F.3d at 997.  California Penal Code § 279.6(a)(3) authorizes law enforcement officers to take a child into protective custody if "[t]here are conflicting custody orders or *conflicting claims* to custody and the parties cannot agree which party should take custody of the child." (emphasis added.)  Here, Officer Rodriguez became involved in conflicting claims to P.C.'s custody between Cephus and Grant.  As discussed above, there is no genuine dispute that Cephus is P.C.'s sole custodial parent.  And Grant admits "[he] do[es] not currently have a custody and visitation order." (Opp'n at 25.)  Grant's continued reference to the parties' family law cases following the events have no bearing on Officer Rodriguez's conduct at the time.  As such, Grant does not have the same liberty interest as a custodial parent.  And he has at most, if not less than, the same liberty interest as a non-custodial parent with visitation rights, as was the case in Brittain.  Based on the foregoing, the Court finds the deprivation of Plaintiffs' liberty interests did not rise to the level of a federal constitutional violation.  See Brittain, 451 F.3d at 994–97 (noting no deprivation "'[g]iven the relatively short duration of the interference and limited nature of the liberty interest compared to custody . . . .'").

For these same reasons, Officer Rodriguez's actions were not "conscience-shocking."  See id. at 997–99.  As such there can be no substantive due process violation for the purposes of qualified immunity.  See id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 21-06666 JVS (JEMx)                    Date   November 28, 2022

Title        Larry Grant et al. v. City of Long Beach et al.

Accordingly, Officer Rodriguez is entitled to qualified immunity as to Plaintiffs' substantive due process claims.

### ii.    *Procedural Due Process*

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Brittain, 451 F.3d at 999. In Brittain, the Ninth Circuit held "no pre-deprivation hearing was required before [the non-custodial parent] could be deprived of a week of visitation." Id. at 1002. The court's holding rested on their analysis of the three factors in Mathews v. Elridge. 424 U.S. 319, 349 (1976). The Mathews test requires examining:

first, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Id. at 334–35.

Plaintiffs allege Officer Rodriguez must have provided Grant with a pre-deprivation hearing. (FAC ¶ 71.) The Court acknowledges this case is factually distinct from Brittain in one way: during the events of this case, Grant did not have a court ordered visitation right. Grant's visitation with P.C. here was based on Cephus' permission. In Brittain, the non-custodial parent had a court ordered visitation right. Nonetheless, Grant's liberty interest is, at most, the same if not less than the non-custodial parent in Brittain. Even with this difference, Brittain is instructive because Grant is owed the same, if not less than, procedural due process as the non-custodial parent in Brittain.

The interests relevant here are: Grant's interest in enjoying visitation rights provided by Cephus without interference by the police; Cephus' rights as the custodial parent; and P.C.'s interest.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 21-06666 JVS (JEMx)                Date   November 28, 2022

Title   Larry Grant et al. v. City of Long Beach et al.

"By requiring a pre-deprivation hearing before any coerced transfer of a child, we would essentially award the parent then holding the child with continued custody until the matter could be adjudicated." Brittain, 451 F.3d at 1000–01. Cephus's interest, as the custodial parent, and the potential erroneous deprivation is "greater in both magnitude and duration" than Grant's. Id. at 1001.

There is no genuine dispute that Grant's visits with P.C. were arranged by Cephus and with Cephus' permission. (SGD ¶ 8.[1]) Cephus asked Grant to watch P.C. for two weeks. (SGD, Ex. Y, at 57–58.) P.C. was with Grant for approximately sixteen days until the Officers returned her to Cephus. (SGD ¶ 20.) As the court in Brittain noted, "[c]hildren undoubtedly have an interest in not being transferred by the police over the objections of one of their parents." 451 F.3d at 1001. And P.C. had some interest in a consistent and orderly visitation schedule between Cephus and Grant. But "if children are being wrongfully held by a parent, they have a clear interest in being returned to the parent who is entitled to physical custody at the time without additional time-consuming procedures." Id. Accordingly, P.C.'s interest does not weigh heavily in favor or against a pre-deprivation hearing.

"Under the second part of Mathews, there would undoubtedly be some value to additional proceedings and somewhat lessened risk of erroneous deprivation. Given the exceptionally compressed time schedule any pre-deprivation hearing would require in order to adjudicate the very short periods of time involved, this value is somewhat limited. [The Court is] also mindful that many custodial disputes will be unambiguously wrongful withholdings of children, rather than interpretive disagreements over court orders. In such circumstances, the value of additional procedures and the risk of erroneous deprivation are quite minimal and the interest of the parent whose child is wrongfully withheld is exceptionally great." Id.

"Under the third part of Mathews, California's interest in not requiring pre-deprivation hearings is significant. The administrative costs and burdens of a hearing on the merits of a custody dispute are substantially greater than the interest in a [temporary visitation by the non-custodial parent]. . . . If even a small fraction of []

_____

[1] The exhibits provided refer to text messages and court orders following the events the case. Plaintiffs provide no evidence of court ordered visitation or custodial rights prior to the events of the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 21-06666 JVS (JEMx)          Date   November 28, 2022

Title      Larry Grant et al. v. City of Long Beach et al.

disputes were to require hearings, the administrative burden would be very substantial."
Id.  And as the court in Brittain points out, other circuits do not require a pre-deprivation hearing when the interest at stake is visitation rights.  Id. at 1002.

Based on the foregoing, no pre-deprivation hearing was required before Grant was deprived of his visitation rights with P.C.  As such, Officer Rodriguez is entitled to qualified immunity on the procedural due process claim.  For similar reasons, P.C. was also not deprived of any procedural due process rights as it relates to qualified immunity.

Accordingly, the Court **GRANTS** the motion for summary judgment as to all of the qualified immunity claims.

3.      Monell claim

A local government cannot be held liable for 42 U.S.C. § 1983 violations under a theory of *respondeat superior*.  Monell, 436 U.S. at 690–91.  "A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011); see Weiner v. San Diego Cnty., 210 F.3d 1025, 1028 (9th Cir. 2000) ("Pursuant to 42 U.S.C. § 1983, a local government may be liable for constitutional torts committed by its officials according to municipal policy, practice, or custom.").  The Ninth Circuit has delineated this standard by adopting four requirements that a plaintiff must satisfy to establish municipal liability under § 1983: "(1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation."  Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997) (alterations and internal quotation marks omitted); see also City of Canton v. Harris, 489 U.S. 378, 388–89 (1989).

"Generally, a plaintiff can demonstrate municipal liability for a constitutional violation in one of three ways."  Herd v. Cnty. of San Bernardino, 311 F. Supp. 3d 1157, 1166 (C.D. Cal. 2018).  Under a ratification theory "the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it."  Gillette v. Delmore, 979 F.2d 1342, 1346–47 (9th Cir. 1992) (per curiam) (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 21-06666 JVS (JEMx)                    Date   November 28, 2022

Title   Larry Grant et al. v. City of Long Beach et al.

"Alternatively, liability may be based on a policy, practice or custom of omission amounting to deliberate indifference." Gibson v. Cnty. of Washoe, Nev., 290 F.3d 1175 (9th Cir. 2002).  Finally, inadequate training "may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the [government officials] come into contact." City of Canton, 489 U.S. at 388.

Plaintiffs sued Officer Rodriguez in her official capacity and allege Defendants actions were "a result of the custom and policy of . . . depriving parents of custody of their children." (FAC ¶¶ 16, 77.)  The First Amended Complaint does not state a claim for inadequate training nor that Officer Rodriguez is an official with final-policy making authority.  (See generally FAC.)  There is also no relevant evidence pertaining to those issues.  "After the Monell holding, it is no longer necessary or proper to name as a defendant a particular local government officer acting in official capacity." Luke v. Abbot, 954 F. Supp. 202, 204 (C.D. Cal. 1997).  Accordingly, Plaintiffs Monell claim may only be supported by a custom or policy of improperly depriving parents custody of their children.

Defendants argue there is no evidence in the record of any custom, policy, or practice as to have the force of law or causally connect to P.C.'s removal.  (Mot. at 21.)  Plaintiffs fail to identify any custom, policy, or practice nor points to any evidence of such to substantiate their claim.  (See Opp'n at 5–7.)  In fact, Plaintiffs only focus on the actual events and conduct at issue in this case.  See Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.")  As such, Plaintiffs have failed to allege or point to any evidence in support of municipal liability for the § 1983 action.

Accordingly, the Court **GRANTS** the motion for summary judgment with respect to the Monell claims.

4.      Claim against Long Beach Police Department

Defendants argue the claims against LBPD are duplicative of the claims against the City.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 21-06666 JVS (JEMx)            Date  November 28, 2022

Title  Larry Grant et al. v. City of Long Beach et al.

"A city police department is an entity separate from the city and subject to suit. A city and its police department are both proper defendants where a plaintiff alleges distinct conduct by the entities. However, courts routinely dismiss police departments as duplicative defendants where the claims against a city and its police department arise from the same facts." See Mann v. City of Chula Vista, 2020 WL 5759749, at *3 (S.D. Cal. Sept. 28, 2020) (internal citations omitted); Goodfellow v. Ahren, 2014 WL 1248238, at *9 (N.D. Cal. Mar. 26 2014). Moreover, Plaintiffs fail to respond to this argument.

Accordingly, the Court **GRANTS** the motion for summary judgment as to claims brought against the Long Beach Police Department.

C.    *State law claims*

Defendants move for summary judgment on all state law claims against Officer Rodriguez. The Court will discuss each claim in turn.

    1.    Assault

 A plaintiff must show the use of unreasonable force to assert a claim for assault or battery against a police officer. See Edson v. City of Anaheim, 63 Cal. App. 4th 1269, 1272 (1998); see also Yount v. City of Sacramento, 43 Cal. 4th 885, 902 (2008) (citing Edson with approval); Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 922 (9th Cir. 2001).

Defendants argue Officer Rodriguez never applied or threatened to apply any physical force to Plaintiffs. (Mot. at 22.) Plaintiffs argue "[u]nreasonable force was used by all officers inside and outside Mr. Grant's home . . . ." (Opp'n at 15.) Additionally, Plaintiffs argue the officers present "were intimidating, wearing guns, and refused to leave." (Id.) But, Plaintiffs conceded it is "[u]ndisputed" that "the Officers did not physically touch or threaten to cause any physical harm to either Mr. Grant or P.C." during the September 19, 2020, incident at Brown's apartment. (See SGD ¶ 52.) Moreover, the evidence is undisputed Officer Rodriguez never applied any physical force to Grant or P.C. (See Officer Rodriguez BWC Ex. 5.) No reasonable jury could find otherwise.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    CV 21-06666 JVS (JEMx)                Date    November 28, 2022

Title    Larry Grant et al. v. City of Long Beach et al.

Accordingly, the Court **GRANTS** the motion for summary judgment as to the assault claim.

2.    Trespass

"The essence of the cause of action for trespass is an 'unauthorized entry' onto the land of another." Miller v. Nat'l Broad. Co., 187 Cal. App. 3d 1463, 1480 (Cal. App. 1986). Trespass is an intentional tort "regardless of the actor's motivation." Id. "[T]he intent required as a basis for liability as a trespasser is simply an intent to be at the place on the land where the trespass allegedly occurred." Id. at 1480–81 (quoting Prosser and Keeton on Torts (5th ed. 1984)). "Where there is a consensual entry, there is no tort, because lack of consent is an element of the wrong." Civic W. Corp. v. Zila Indus., Inc., 66 Cal. App. 3d 1, 16–17 (1977).

Defendants argue there can be no trespass because Brown was the sole lessee of the apartment at the time and gave consent to enter. Plaintiffs fail to address this argument in their Opposition. In the Statement of Genuine Disputes of Material fact, Plaintiffs say it is "Disputed" that "Ms Brown opened the door and allowed the Officers inside the apartment." (See SGD ¶ 43. (citing all of the body worn camera footage without pincites).) Nonetheless, Brown clearly opened the door for the Officers to enter the apartment. (See Sgt. Owns BWC, Dkt. No. 53-2, Ex. E, at 1:23–2:01; Officer Rodriguez BWC at 0.16–0.45.) There is no genuine dispute of material fact as to whether consent was provided.

Accordingly, the Court **GRANTS** the motion for summary judgment as to the trespass claim.

3.    False imprisonment

"The elements of a tortious claim of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." Lyons v. Fire Ins. Exchange, 161 Cal. App. 4th 880, 888 (2008) (quoting Easton v. Sutter Coast Hosp., 80 Cal. App. 4th 485 (2000)).

"Penal Code § 847(a) protects police officers from civil liability for false arrest or imprisonment arising out of an arrest if the arrest is lawful or the officer had reasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-06666 JVS (JEMx) | Date | November 28, 2022 |
|---|---|---|---|

| Title | Larry Grant et al. v. City of Long Beach et al. |
|---|---|

cause to believe it was lawful." George v. City of Long Beach, 973 F.2d 706, 710 (9th Cir. 1992). "Even if probable cause is established, a warrantless arrest in the suspect's home is unlawful under both federal and state law in the absence of exigent circumstances." Id.

Defendants argue Officer Rodriguez never restrained Plaintiffs' freedom of movement, and alternatively, there was reasonable cause. Plaintiff fails to respond to Defendants' argument that there was reasonable cause. Accordingly, the Court finds the presence of reasonable cause undisputed. See Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . ., the court may . . . consider the fact undisputed.").

Defendants do not assert the Officers acted pursuant to a warrant. Although Plaintiffs do not dispute reasonable cause, Defendants may still prevail if they can establish exigent circumstances. See George, 973 F.2d at 710. Grant admits he "was told by police officers that [he] got a call from Georgia saying [the Officers] thought [P.C.] was in harm." (Declaration of Larry Grant ("Grant Decl."), Dkt. No. 53-2, Ex. S, ¶ 9.) Officer Rodriguez was informed earlier in the day other LBPD officers performed a welfare check based on reports of abuse. (SGD ¶ 31; Officer Rodriguez Decl. ¶ 3.) Officer Rodriguez, along with Sgt. Owens and Officer Hara, proceeded to Grant and Brown's apartment based on the custody dispute between Grant and Cephus and concerns over the well-being of P.C. (See Officer Rodriguez Decl. ¶ 6; SGD ¶ 66–71.) There is no triable issue that Officer Rodriguez was acting under exigent circumstances. Moreover, Plaintiffs fail to point to sufficient evidence showing Officer Rodriguez restrained Plaintiffs' freedom of movement.

Accordingly, the Court **GRANTS** the motion for summary judgment as to false imprisonment.

4.   Privacy

A claim for invasion of privacy or intrusion upon seclusion "has two elements: (1) intrusion into a private place, conversation or matter, (2) in a manner highly offensive to a reasonable person." Sanders v. American Broadcasting Co., 20 Cal. 4th 907, 914 (1999). "[T]he plaintiff must show the defendant penetrated some zone of physical or sensory privacy surrounding, or obtained unwanted access to data about, the plaintiff."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    CV 21-06666 JVS (JEMx)                    Date    November 28, 2022

Title    Larry Grant et al. v. City of Long Beach et al.

Id. at 914–15.  The plaintiff must have "an objectively reasonable expectation of seclusion or solitude in the place, conversation or data source." Id. at 915.  Like trespass, consent is an absolute defense.  See Baugh v. CBS, Inc., 828 F. Supp. 745, 757 (N.D. Cal. 1993).

Like the trespass claim, Defendants argue consent defeats the claim.  As discussed previously, there is no genuine dispute as to whether Officer Rodriguez had consent to enter.

Accordingly, the Court **GRANTS** the motion for summary judgment as to the privacy claim.

5.    Intentional infliction of emotional distress

The tort of intentional infliction of emotional distress has three elements: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct." Cochran v. Cochran, 65 Cal. App. 4th 488, 494 (1998). Cochran set a high standard for evaluating whether conduct is sufficiently outrageous. In order fulfill the first element, the conduct alleged "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community," and "mere insults, indignities, [and] threats" do not suffice. Id. at 494, 496.

Defendants argue the intentional infliction of emotional distress claim fails because the Officers' conduct was not extreme and outrageous.  (Mot. at 23–24.)  Both parties rely on Hughes v. Pair, which discusses intentional infliction of emotional distress in the context of sexual harassment.  46 Cal. 4th 1035 (2009).  Nonetheless, Officer Rodriguez's only actions were standing inside the apartment, outside the apartment, and at times discussing the situation with Grant and Brown.  Officer Rodriguez never touched Plaintiffs nor escorted P.C. away.  (Officer Rodriguez BWC Ex. 5, at 59:19–59:50.)  Throughout the entire incident at Brown's apartment, Officer Rodriguez made no actions, gestures, or other conduct that a reasonable jury could find extreme and outrageous.  (See Officer Rodriguez BWC Ex. 5; Sgt. Owns BWC Ex. E; Officer Hara BWC Ex. D.)

Accordingly, the Court **GRANTS** the motion for summary judgment as to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-06666 JVS (JEMx) | Date | November 28, 2022 |
|---|---|---|---|

| Title | Larry Grant et al. v. City of Long Beach et al. |
|---|---|

intentional infliction of emotional distress.

### 6. Negligence & Negligent infliction of emotional distress

In general, "a public employee is liable for injury caused by his [or her] act or omission to the same extent as a private person." Cal. Gov't Code § 820(a). An exception to that rule is that "a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him [or her], whether or not such discretion be abused." Cal. Gov't Code § 820.2.

Defendants argue Officer Rodriguez is immune from liability under California Government Code Section 820.2 ("Section 820.2"). (Mot. at 24–25.) Defendants cite to several cases where courts have held that "social workers are entitled to immunity for their child removal and placement decisions in dependency proceedings." See Christina C. v. Cnty. of Orange, 220 Cal. App. 4th 1371, 1381 (2013); Jacqueline T. v. Alameda Cnty. Child Prot. Servs., 155 Cal. App. 4th 456, 466 (2007). But see Newton v. Cnty. of Napa, 217 Cal. App. 3d 1551, 1563 (1990) (declining to apply immunity to officers responding to reports of child abuse because "they performed a function 'more like that of a policeman than a prosecutor'"). The Court is unaware of any binding authority applying Christina C. or Jacqueline T. to police officers similar to the present case. As such, Officer Rodriguez does not enjoy immunity under Section 820.2.

Defendants argue, alternatively, Officer Rodriguez did not breach any duties owed to Plaintiffs. (Mot. at 25.) Defendants rely on California Penal Code § 279.6(a)(3) which states "a law enforcement officer may take a child into protective custody . . . [when] [t]here are conflicting custody orders or conflicting claims to custody and the parties cannot agree which party should take custody of the child." Plaintiffs argue Defendants did not take P.C. into protective custody and defined protective custody without providing a citation to the Penal Code. (Opp'n at 19.) Grant does not provide evidence indicating he had custody of P.C. during or prior to the events of the case. (See SGD ¶ 9, Ex. 8 (showing Grant filed for a custody petition *after* the events of the case but otherwise not disputing any proof of custody during or prior to the events of the case)). It is undisputed that Sgt. Owens told Grant that he, Officer Rodriguez, and Officer Hara, were present to retrieve P.C. (SGD ¶ 44.) Officer Rodriguez likewise indicated she responded to a call to assist Cephus retrieve her daughter. (See SGD ¶¶ 28, 35, 44;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-06666 JVS (JEMx) | Date | November 28, 2022 |
|---|---|---|---|

| Title | Larry Grant et al. v. City of Long Beach et al. |
|---|---|

Officer Rodriguez Decl. ¶¶ 4–6.)  There is no genuine dispute as to the purpose of the Officers' visit to Brown's apartment — which was to resolve the custody dispute between Brown and Cephus.  Because there was a custody dispute, the Officers, including Officer Rodriguez, were acting pursuant to Penal Code § 279.6(a)(3).  Thus, Plaintiffs claim fails as a matter of law.

Accordingly, the Court **GRANTS** the motion for summary judgment as to the negligence and negligent infliction of emotional distress claims.

> 7.    Municipal liability

Section 815 of the California Government Code provides immunity to public entities for injuries sustained by an individual except when authorized by statute.  Cal. Gov't Code § 815(a).  "As that language indicates, the intent of the Tort Claims Act is to confine potential governmental liability, not expand it." Eastburn v. Reg'l Fire Prot. Auth., 31 Cal. 4th 1175, 1179 (2003).  Courts have subsequently interpreted that Section 815 requires the identification of a specific statute to establish liability.  de Villers v. Cnty. of San Diego, 156 Cal. App. 4th 238, 252 (2007) (direct liability "requires identification of a 'specific statute declaring [the entity] to be liable, or at least creating some specific duty of care [by the agency in favor of the injured party], and not on the general tort provisions of Civil Code section 1714.'") (citing Eastburn, 31 Cal. 4th at 1183).

Public entities are also "liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment."  Cal. Gov't Code § 815.2(a).  A public employee is liable for injury to the same extent as a private person "except as otherwise provided by statute."  Id. § 820(a). "Thus, the general rule is that public entities are generally liable for the torts of their employees to the same extent as private employers."  State ex rel. Dep't of Cal. Highway Patrol v. Super. Ct., 60 Cal. 4th 1002, 1009 (2015).  In other words, in lieu of direct liability, section 815.2(a) provides for vicarious liability against public entities.

Defendants argue, and Plaintiffs do not dispute, the City of Long Beach did not owe Plaintiffs any duty.  Defendants also argue because Officer Rodriguez is not liable for any of Plaintiffs' injuries, the City also cannot be liable.  Defendants only argue "there were clearly established constitutional rights here in this instant action", thus

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-06666 JVS (JEMx) | Date | November 28, 2022 |
|---|---|---|---|

| Title | Larry Grant et al. v. City of Long Beach et al. |
|---|---|

Officer Rodriguez and therefore the City are liable.  (Opp'n at 30–31.)  Defendants also reference the Subordinate Judicial Officer Working Group recommendation relating to judicial duties in family law cases.  (Id. at 30.)  This recommendation is neither relevant nor binding on this Court.  Because this Court dismissed all of the claims against Officer Rodriguez and Plaintiffs fail to adequately address this argument, the City cannot be liable.

Accordingly, the Court **GRANTS** the motion for summary judgment as to the City of Long Beach's liability.

**V. CONCLUSION**

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** the motion for summary judgment.

**IT IS SO ORDERED.**

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |